UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ASHLEY RAE DUBE,

    Plaintiff,

v.                                    Case No.:  6:24-cv-498-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Ashley Rae Dube seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, this action is **REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on May 25, 2022, alleging disability beginning on February 1, 2021. (Tr. 75, 218-24). The application was denied initially and on reconsideration. (Tr. 75, 76). Plaintiff requested a hearing, and on September 8, 2023 a hearing was held before

Administrative Law Judge Adam Dale ("ALJ"). (Tr. 43-67). On October 25, 2023, the ALJ entered a decision finding Plaintiff not under a disability from February 1, 2021, through the date of the decision. (Tr. 10-21). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on December 6, 2023. (Tr. 1-5). Plaintiff filed a Complaint (Doc. 1) on March 12, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.  Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2027. (Tr. 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2021, the alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: "mild degenerative disc disease of the lumbar spine and scoliosis, migraines, fibromyalgia, obesity, bipolar II disorder, chronic post-traumatic stress disorder, and panic disorder with agoraphobia." (Tr. 12). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 13).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except the claimant cannot climb ladders, ropes, or scaffolds. She can occasionally stoop, crouch, crawl, or climb ramps or stairs. She can frequently balance or kneel. She can frequently handle and finger objects with her bilateral hands. She can work in "moderate" levels of noise as defined by the Selected Characteristics of Occupations. She can perform simple tasks, as well as make simple work-related decisions. She cannot work at a production rate pace (e.g. assembly line work). She can adapt to occasional changes in her work routine or job tasks. She can occasionally interact with supervisors and coworkers, but not the public.

(Tr. 16).

At step four, the ALJ determined that Plaintiff was unable to perform past relevant work as a mobile x-ray technician. (Tr. 19). At step five, the ALJ found that considering Plaintiff's age (40 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 19-20). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

   (1)   Clerical Assistant, DOT[1]  239.567-010

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

    (2)    Merchandise Marker, DOT 209.587-034

    (3)    Mailroom Sorter, DOT 209.687-026

(Tr. 20). The ALJ concluded that Plaintiff had not been under a disability from February 1, 2021, through the date of the decision. (Tr. 21).

## II.    Analysis

On appeal, Plaintiff raises two issues:

(1)    Whether there is a reasonable probability that new evidence submitted to this Court will change the administrative result and whether there is good cause for the failure to submit the evidence at the administrative level.

(2)    Whether the ALJ failed to adequately explain how the consistency factor was considered when evaluating the opinions of the non-examining State Agency psychologists.

(Doc. 16, p. 14, 23).

### A.    Evidence Submitted To This Court

Plaintiff submitted evidence to this Court of a March 16, 2024 opinion from treating psychiatrist Mira Sachdev, M.D. (Doc. 16, p. 15; Doc. 16-1, p. 1-3). Plaintiff claims that this new opinion contradicts the ALJ's RFC assessment and provides additional mental limitations on Plaintiff's ability to work. (Doc. 16, p. 15). Plaintiff also contends that the decision only contains opinions from non-examining State agency psychologists on Plaintiff's mental limitations and this new evidence is from a treating psychiatrist. (Doc. 16, p. 16).

The Commissioner argues that Plaintiff cannot show that this March 2024 opinion constitutes new evidence because there is no evidence that this opinion was unavailable during the time of the administrative proceedings. (Doc. 21, p. 11). The Commissioner also contends that Plaintiff failed to show that this opinion is material because it is not persuasive. (Doc. 21, p. 13-15). Finally, the Commissioner argues that Plaintiff cannot show good cause for not submitting this evidence at the administrative level. (Doc. 21, p. 15-16). These arguments are not persuasive.

New evidence presented to the Court and not to the administrative agency must be considered under a Sentence Six analysis. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Sentence Six remands are "entirely different" from remands to address agency error under Sentence Four. *Id.* at 1267. Sentence Six presents a federal court "with the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing 'that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Id.* (quoting 42 U.S.C. § 405(g)).

So to prevail, a claimant must establish: "'(1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level.'" *Enix*

*v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012) (internal quotations omitted) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)); *see also Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (citation omitted) (finding same requirements to warrant a remand under Sentence Six).

Generally, new evidence must also "relate to the period on or before the date of the administrative law judge's ('ALJ') decision. . . . Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefits from a new application, but it is not probative of whether a person is disabled during the specific period under review." *Enix*, 461 F. App'x at 863 (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999).

Plaintiff submitted a March 16, 2024 Medical Opinion Re: Ability To Do Work-Related Activities (Mental) completed by Mira Sachdev, M.D. (Doc. 16-1). Plaintiff must first show that this evidence is non-cumulative and new, meaning that it relates to the relevant period on or before the ALJ's decision, which was October 25, 2023. *Enix*, 461 F. App'x at 863. According to the medical records, Dr. Sachdev treated Plaintiff in August and September 2021. (Tr, 851-54, 874-77). At the beginning of the opinion, Dr. Sachdev stated that she answered the questions for the time period beginning August 1, 2021, through the date of the opinion, March 16, 2024. (Doc. 16-1, p. 1, 3). Thus, the opinion related to the time period between Plaintiff's alleged onset date of February 1, 2021, and the date of the decision

October 25, 2023 and constitutes new evidence. Generally, Dr. Sachdev's opinion found Plaintiff much more limited in her mental abilities to perform work than assessed in the RFC, and there is no similar opinion evidence in the record from a treating source. And while this opinion may conflict with the opinions of the State agency psychologists, if it mirrored these opinions, it would be cumulative and therefore not material, but it does not. Thus, this medical opinion is new and non-cumulative.

Second, Plaintiff must show that Dr. Sachdev's opinion is relevant and probative such that there is a reasonable possibility that it would change the administrative result. *Enix*, 461 F. App'x at 863. In the opinion and as far as Plaintiff's mental abilities and aptitudes needed to do unskilled work, Dr. Sachdev found Plaintiff seriously limited in the ability to carry out very short and simple instructions. (Doc. 16-1, p. 1). She also found Plaintiff unable to meet competitive standards in: understanding and remembering very short and simple instructions; making simple work-related decisions; asking simple questions or requesting assistance; and being aware of normal hazards and taking appropriate precautions. (Doc. 16-1, p. 1). In all the remaining categories, Dr. Sachdev found Plaintiff had no useful ability to function. (Doc. 16-1, p. 1). Dr. Sachdev explained her findings:

> Ms. Dube has significant difficulty in information processing. After starting a task, she gets distracted within approximately five minutes. At our follow-up appointments, she has difficulty organizing her thought. When she is asked about medication

> side effects, she needs to be asked short questions and gets overwhelmed with complex questions. She gets upset when she is confused and then is unable to process any information.

(Doc. 16-1, p. 1).

In the section for Plaintiff's mental abilities and aptitudes needed to do semiskilled and skilled work, Dr. Sachdev found Plaintiff was unable to meet competitive standards in setting realistic goals or making plans independently of others, and otherwise had no useful ability to function in all the other categories. (Doc. 16-1, p. 2). Dr. Sachdev explained: "Ms. Dube has significant difficulty functioning in everyday life. She cannot complete detailed instructions because she gets distracted and overwhelmed. She needs emotional and cognitive support in order to complete any process that is more than two steps. She is poorly tolerant of stressors." (Doc. 16-1, p. 2).

In the section about mental abilities and aptitude needed to do particular types of jobs, Dr. Sachdev found Plaintiff: seriously limited in adhering to basic standards of neatness and cleanliness; unable to meet competitive standards in maintaining socially appropriate behavior; and had no useful ability to function in the remaining categories. (Doc. 16-1, p. 2). Dr. Sachdev explained: "Ms. Dube has [sic] is unable to tolerate any complex interactions with the general public. She can complete simple interactions, as she is able to sustain herself in the community, but unscripted activities and interactions are overwhelming." (Doc. 16-1, p. 2).

Dr. Sachdev also found Plaintiff would be off task 25% or more in a typical work day, and would miss more than four days per months due to her mental impairments or treatment. (Doc. 16-1, p. 2-3). Dr. Sachdev explained:

> Ms. Dube has symptoms of Bipolar Disorder that impair her daily functioning, impair her working memory, limit her attention span, impair her concentration and focus, and limit her ability to stay on-task. She has symptoms of Bipolar Disorder such as distractibility, impulsivity, low energy level, inability to tolerate frustrating activities. Associated symptoms include difficulty making decisions.

(Doc. 16-1, p. 2). Lastly, Dr. Sachdev found that Plaintiff would have difficulty working a regular job because, "[w]hen Ms. Dube was employed as [a] Mobile X-ray Technician, she was unable to adapt to changes in her daily routine and make complex decisions related to work tasks. She would get frustrated easily and overwhelmed. She had difficulty prioritizing work responsibilities." (Doc. 16-1, p. 2).

Overall, Dr. Sachdev found Plaintiff to have mental impairments that at a minimum seriously limited Plaintiff's ability to work. She generally found Plaintiff had no useful ability to function in a work environment. (Doc. 16-1). In contrast, the RFC limited Plaintiff to: simple tasks and simple work-related decisions; no work at a production rate; occasional changes in her work routine or job tasks; and occasional interaction with supervisors and coworkers, but not the public. (Tr. 16). Dr. Sachdev's opinion is material, relevant, and probative of Plaintiff's mental health

limitations during the relevant period. If the ALJ had the opportunity to review this opinion, there is a reasonable possibility it would have changed the administrative result as far as Plaintiff's ability to perform full-time work.

Third, Plaintiff must show that there is good cause for the failure to submit the evidence at the administrative level. *Enix*, 461 F. App'x at 863. Plaintiff obtained new counsel who advised her to obtain an opinion from Dr. Sachdev. Dr. Sachdev's opinion did not exist at the time of the administrative proceedings. The Commissioner does not contend that there is any evidence that Plaintiff proceeded in bad faith or attempted to manipulate the administrative proceedings by not obtaining this opinion sooner. *See Lipscomb v. Comm'r of Soc. Sec.*, 199 F. App'x 903, 907 (11th Cir. 2006) (finding good faith because new evidence did not exist at the time of the administrative proceeding and there was no evidence of bad faith on behalf of the plaintiff to manipulate the administrative proceedings). Thus, Plaintiff established good cause.

### B. Remaining Issue

Plaintiff also challenges the ALJ's findings on the persuasiveness of the opinions of the State agency psychologists. Rather than deciding this issue, because this action is remanded on other grounds that may affect the remaining issue, on remand, the Commissioner is directed to reconsider this issue as well.

### III. Conclusion

For the reasons discussed above, this action is **REMANDED** under sentence six of 42 U.S.C. § 405(g) for the Commissioner to consider the March 16, 2024 opinion of Mira Sachdev, M.D. Based on this action being remanded under sentence six, the Clerk of Court is directed to administratively close the case and withhold entry of final judgment pending resolution of the proceedings on remand.

**DONE** and **ORDERED** in Fort Myers, Florida on March 4, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties